FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 09, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES H., | No. 1:19-CV-03242-SAB |
|     Plaintiff, | |
|     v. | **ORDER DENYING PLAINTIFF'S** |
| COMMISSIONER OF SOCIAL | **MOTION FOR SUMMARY** |
| SECURITY ADMINISTRATION, | **JUDGMENT; GRANTING** |
|     Defendant. | **DEFENDANT'S MOTION FOR** |
| | **SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 10, and Defendant's Cross-Motion for Summary Judgment, ECF No. 11. The motions were heard without oral argument. Plaintiff is represented by Victoria B. Chhagan, and Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Lars Joseph Nelson.

For the reasons set forth below, the Court denies Plaintiff's motion, grants Defendant's motion, and affirms the administrative law judge ("ALJ") decision denying disability benefits.

### Jurisdiction

On November 3, 2015, Plaintiff protectively filed an application for disabled widower's benefits, a Title II Disability Insurance Benefits and Title XVI Supplemental Security Income Disability benefits, alleging an onset date of July 15, 2013.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Plaintiff's application was denied initially and on reconsideration. On March 12, 2018, Plaintiff appeared and testified at a hearing held in Yakima, Washington before an ALJ. Kimberly Mullinax participated as a vocational expert. Plaintiff was represented by Timothy Anderson, an attorney.

The ALJ issued a decision on July 25, 2018, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on August 12, 2019. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on October 11, 2019. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a); 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b); 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity,

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

benefits are denied. 20 C.F.R. §§ 404.1520(b); 416.920(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1509; 416.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1; § 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1509; 416.909. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(f); 416.920(e). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. §§ 404.1520(g); 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id.* At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

//

//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

## Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here. At the time of the hearing, Plaintiff was 55 years old. He earned his GED. He has work experience in roofing and construction. At the hearing, Plaintiff indicated that he has fibromyalgia, affective disorder, personality disorder, COPD, chronic heart failure, anxiety disorder, depression and PTSD. He also complains of back pain, shoulder pain and pain from carpal tunnel.

## The ALJ's Findings

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 15, 2013. AR 20.

At step two, the ALJ found Plaintiff has the following severe impairments: chronic obstructive pulmonary disease (COPD), congestive heart failure (CHF), fibromyalgia, affective disorders and personality disorders. AR 20.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. AR 21

The ALJ concluded that since July 15, 2013, Plaintiff has the residual functional capacity to perform:

> Light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the follow[ing]. He can frequently climb ramps and stairs. He can frequently handle and finger bilaterally. He must avoid even moderate exposures to fumes, odors, dust, gases, and poor ventilation. He must avoid concentrated exposure to extreme cold, humidity, and workplace hazards, such as machinery and unprotected heights. He must avoid concentrated exposure to loud noise without approved ear protection. He can perform both simple and more complex tasks within the tolerances of competitive employment with customary breaks and lunch. There can be occasional collaborative effort lasting no more than 15 minutes an occurrence. There can be occasional contact with the general public but incidental contact with the public is not precluded. He is not able to perform at a production rate pace (e.g. assembly line work as where the pace is mechanically controlled)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

but can perform goal-oriented work or where the worker has more control over the pace. He may be off-task up to 10% over the course of an 8-hour workday.

AR 24-25. At step four, the ALJ found that since July 15, 2013, Plaintiff was unable to perform any past relevant work. AR 34. The ALJ noted that prior to the established disability onset date, Plaintiff was an individual closely approaching advance age. AR 35. On June 14, 2017, his age category changed to an individual of advanced age. AR 35. The ALJ found that prior to June 14, 2017, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including cleaner, housekeeping; and deliverer, outside. AR 35.

The ALJ concluded that, prior to the established onset date of disability, considering the claimant's age, education, work experience, and residual functional capacity, Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. AR 36. Thus, a finding of "not disabled" for the period prior to June 14, 2017 was appropriate under the framework of the Medical-Vocational Guidelines. AR 36.

On the other hand, the ALJ concluded that beginning on June 14, 2017, the date Plaintiff's age category changed, considering the claimant's age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. Thus, Plaintiff became disabled on June 14, 2017.

### Issues for Review

1.    Whether the ALJ properly evaluate the opinion of Dr. Pellicer?

### Discussion

The ALJ gave little weight to the February 2016 opinion of Dr. Mary Pellicer. AR 33. She concluded that Plaintiff was limited to lift/carry less than 10

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

pounds, stand/walk 2 hours in an 8-hour workday with "more frequent breaks" and sit for about 6 hours in an 8-hour workday with "more frequent breaks" and that Plaintiff could not bend, squat, crawl, kneel, or climb and only occasionally manipulate with his hands. AR 33; AR 1037. Dr. Pellicer's opinion results in a finding that Plaintiff could perform less than the full range of sedentary work.

The ALJ gave Dr. Pellicer's opinion little weight because it appeared to be based on a one-time physical examination of Plaintiff and it was not consistent with the longitude of the record, including Plaintiff's presentments during various appointments and examinations and his reported activities of daily living, recreational activities, and work activities, such as doing household chores, yard work, fishing, clamming, playing video games, painting repairing and roofing jobs. AR 33.

To reject the uncontradicted opinion of a treating or examining doctor, the ALJ must state clear and convincing reasons that are supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id.* (quotation omitted). The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Id.* (citation omitted).

Here, Dr. Platter, a non-examining physician, concluded that Plaintiff could perform light work with additional postural limitations. The ALJ gave the opinion some weight because it was generally consistent with the record as a whole, including the objective findings, Plaintiff's course of physical treatment, Plaintiff's performances at examinations, and Plaintiff's documented daily activities and work activities. AR 32. The ALJ gave some weight to the November 2013 opinion of Dr. Shalom Seltzer. AR 32. Mr. Seltzer also concluded Plaintiff

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

was limited to light exertional level. AR32

The ALJ also found that although Plaintiff alleged significant symptoms, his allegations were out of proportion to the objective findings. AR 27. The ALJ noted the relatively benign objective findings and presentations did not corroborate Plaintiff's report of severe restrictions with lifting, standing, walking and sitting. The ALJ noted that Plaintiff reported to his providers that he went fishing and clamming, he does housework and plays video games, and he works in his yard. In June 2016, he started a painting job, and stated in January and May 2017 that he continued to work. The ALJ also noted that in 2016, Plaintiff traveled to California and work on a roofing project for six weeks. He testified that he was ultimately fired from that job because he could not perform the work, but he stated he performed roofing tasks for at least six weeks. The ALJ noted that Plaintiff did not report any difficulty with the travel. Finally, the ALJ noted the treatment records dated from 2016 to June 13, 2017 fail to show any substantial changes in his physical and mental health.

The ALJ's conclusion that Dr. Pellicer's opinion is not supported by the longitudinal record and Plaintiff's reported activities is supported by substantial evidence. The ALJ gave specific and legitimate reasons for giving Dr. Pellicer's opinions little weight.

## Conclusion

Because the ALJ applied the proper legal standards and his decision that Plaintiff was not disabled prior to June 14, 2017, is supported by substantial evidence, the ALJ's decision is affirmed.

//

//

//

//

//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

Accordingly**, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

2.  Defendant's Motion for Summary Judgment, ECF No. 17, is **GRANTED**.

3. The decision of the Commissioner denying benefits is **affirmed**.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 9th day of September 2020.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**